22384

The STATE, Respondent, v. Perry Renard MITCHELL, Appellant.

(336 S. E. (2d) 150)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, and *Solicitor Donald V. Meyers,* Lexington, *for respondent.*

Heard Sept. 25, 1985.

Decided Oct. 15, 1985.

NESS, Chief Justice:

Appellant was convicted of first degree criminal sexual conduct. He alleges prejudicial error in the admission of hearsay testimony against him. We affirm.

The victim told the police her assailant was wearing a dark colored jacket or shirt. She later identified appellant from a photographic line-up.

Appellant's wife consented to a search of their home. At trial, a police officer who searched appellant's home testified he was unable to locate a dark jacket. The police officer testified, over objection, that appellant's wife said appellant owned a dark jacket, but she had washed it and could not locate it. Appellant's wife did not testify.

This testimony was clearly hearsay and was not admissible under any exception to the hearsay rule. *State v. Williams*, _____ S. C. _____, 331 S. E. (2d) 354 (S. C. App. 1985). Hearsay testimony is inadmissible because the adverse party is denied the opportunity to cross-examine the declarant. *State v. James*, 255 S. C. 365, 179 S. E. (2d) 41 (1971). However, reversal is not required unless appellant was prejudiced by the error. *State v. Brown*, _____ S. C. _____, 334 S. E. (2d) 816 (1985).

Whether an error is harmless depends on the circumstances of the particular case. No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it "could not reasonably have affected the result of the trial." *State v. Key*, 256 S. E. 90, 180 S. E. (2d) 888 (1971).

Here, there was abundant evidence in the record from which the jury could have found appellant guilty, notwithstanding the hearsay testimony. The victim identified appellant without hesitation in the photographic line-up and at trial. In addition, a State's witness saw appellant wearing a blue coat the night of the assault. In light of these and other facts appearing in the record, we believe the admission of the hearsay testimony was harmless error.

Appellant's remaining exceptions are without merit and are affirmed pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.