THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Bruce Green,       
Appellant.
 
 
 

Appeal From Beaufort County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No.
2003-UP-170 
Heard February 25, 2003  Filed March 
 4, 2003 

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia;  and Solicitor 
 Randolph  Murdaugh, III, of Hampton; for Respondent.
 
 
 

 PER CURIAM:  Bruce Green appeals 
 his conviction for first-degree burglary, for which he received a twenty-year 
 sentence.  He argues the trial court erred in admitting evidence of his 
 convictions for resisting arrest and fleeing to avoid arrest.  We affirm.
About 4:15 p.m. on July 29, 2000, Shalaya 
 Calhoun returned home to hear the sound of glass breaking as she stepped onto 
 her front porch.  When Calhoun went to investigate the cause of the sound, 
 she saw Green exiting the back door.  Green, a co-worker and friend, 
 ran past her.  Calhoun called 911 and reported the break-in.  She 
 told authorities she knew the intruder and provided a description.  About 
 nine dollars in quarters and a 1921 silver dollar were missing from a coffee 
 can. 
Officer Robert Carson responded.  
 Shortly afterward he went to nearby Marsh Road, where he saw another officer 
 struggling with Green.  Green was arrested.  A search incident 
 to Greens arrest produced, among other things, a 1921 silver dollar, later 
 identified by Calhoun as the one that she kept in the coffee can inside her 
 home.
Officers found Greens latent fingerprints on the 
 coffee can.  Shoe tracks on Calhouns back porch matched Greens shoes.
At trial and following testimony from the officers 
 involved in Greens arrest, the State called a witness to present documentation 
 of Greens conviction on August 17, 2000, in the municipal court for fleeing 
 and resisting arrest.  Green objected on the ground of relevancy.  The trial 
 court refused to admit the evidence under State v. Lyle, [1] but admitted it as part of the 
 res gestae of the crime.
We agree with Green.  Evidence of his convictions 
 formed no part of the so-called res gestae of the offense of burglary.  The 
 convictions occurred almost a month later in a municipal courtroom.  By definition, 
 a conviction rendered by a court in a courtroom is not [a] statement relating 
 to a startling event or condition made while the declarant was under the stress 
 of excitement caused by the event or condition. [2]   They did not occur substantially 
 contemporaneous[ly] with the litigated transaction 
 [3] and were not the instinctive, spontaneous utterances of the mind while 
 under the active, immediate influences of the transaction. 
 [4] 
Nevertheless, we hold the evidence was harmless 
 beyond a reasonable doubt, considering the other evidence of Greens guilt. [5]   The owner whose home was burglarized knew Green and saw him 
 exit her back door; officers found property taken from the owners home on Greens 
 person shortly after the burglary occurred; Greens fingerprints matched those 
 found on a coffee can that had been stored inside the burglarized house; shoe 
 tracks matched his shoes; and the officers testified about Greens resisting 
 arrest and fleeing the scene.  
AFFIRMED.            
HEARN, C.J., and GOOLSBY and SHULER, JJ., concur.

 
 [1]   125 S.C. 406, 118 S.E. 803 (1923).

 
 [2]   Rule 803(2), SCRE; State 
 v. Sims, 348 S.C. 16, 21, 558 S.E.2d 518, 521 (2002).

 
 [3]   State v. Long, 186 S.C. 
 439, 445, 195 S.E. 624, 626 (1938).

 
 [4]   Id.

 
 [5] oSee State v. Mitchell, 
 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (Whether an error is harmless 
 depends on the particular circumstances of the case.).