THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Andre D. Skanes,       
Appellant.
 
 
 

Appeal From Beaufort County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2004-UP-236
Heard December 11, 2003  Filed March 
 31, 2004

AFFIRMED

 
 
 
James Arthur Brown, of Beaufort, for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 Assistant Attorney General Deborah R. J. Shupe, of Columbia; and Solicitor Randolph 
 Murdaugh, III, of Hampton, for Respondent.
 
 
 

PER CURIAM:  Andre D. Skanes was 
 convicted of first-degree burglary and armed robbery and sentenced to eighteen 
 years imprisonment on each charge, the sentences to run concurrently.  Skanes 
 appeals, arguing the circuit court erred by admitting evidence in violation 
 of the hearsay rule.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
On the night of June 4, 2000, two individuals forced 
 their way into the home of Oscar Lopez and Odis Javier Reyes.  Upon entry, the 
 intruders demanded money from the two victims at gunpoint.  
The following day, Sharon Bryan Evans was arrested in connection 
 with the crimes.  During questioning, Evans identified Skanes as an accomplice.  
 As a result, Skanes was arrested and indicted for first-degree burglary and 
 armed robbery.    
At trial, the State called Evans to the stand, and 
 Evans identified Skanes as a participant in the robbery.  Subsequently, the 
 State called Officer Samuel Roser, who testified he had interviewed Evans following 
 her arrest.  Roser further testified that as a result of the interview, Skanes 
 was identified as Evans co-defendant.  Skanes did not object to this testimony. 

Thereafter, the State asked Roser if Evans identified 
 Skanes during the interview.  Skanes objected, arguing the testimony was hearsay.  
 The circuit court overruled the objection and allowed the testimony. 
The State also presented the testimony of Reyes, 
 one of the two victims.  Lopez, the other victim, was unavailable for trial.  
 Reyes testified in general about the events that took place the night of the 
 robbery.  During cross-examination of Reyes, Skanes admitted the police photographic 
 lineup into evidence in which his picture appeared with photographs of similar-looking 
 people.  Reyes signature appeared on the back of a picture of another person 
 in the lineup, indicating Reyes had identified someone other than Skanes as 
 the perpetrator.  Reyes misidentification was brought out through Skanes 
 examination of Reyes and Officer Roser, who presented the lineup to Reyes.  
 However, Lopezs signature also appeared on the back of the photographic lineup, 
 but was on the photo of Skanes. 
The State called Officer Robert Arbello, the police 
 officer who had presented the photographs to Lopez, to explain Lopezs signature 
 on the back of the lineup.  Skanes objected, arguing the testimony would be 
 hearsay.   The State countered Skanes had opened the door to the explanation 
 of Lopezs signature by admitting the photograph containing the signature into 
 evidence and publishing it to the jury.  The circuit court agreed and admitted 
 the testimony.  Arbello then testified that when he presented the lineup to 
 Lopez, Lopez identified Skanes as the perpetrator, thus explaining Lopezs signature 
 on the back of Skanes photograph.
The jury found Skanes guilty of both charges, and 
 the circuit court sentenced Skanes to eighteen years imprisonment on each charge, 
 the sentences to run concurrently.  Skanes appeals.
LAW/ANALYSIS
I.       Pre-Trial Identification
Skanes argues the circuit court committed reversible 
 error by admitting Rosers testimony, indicating Evans identified Skanes as 
 her accomplice following her arrest.  Skanes contends the trial court committed 
 reversible error by admitting this hearsay testimony in violation of Rule 802, 
 South Carolina Rules of Evidence.  We disagree.
The admission or exclusion of evidence is within 
 the discretion of the trial court and will not be reversed on appeal absent 
 an abuse of that discretion. State v. Foster, 354 S.C. 614, 620-21, 
 582 S.E.2d 426, 429 (2003).  An abuse of discretion occurs when the circuit 
 courts ruling is based on an error of law.  Id.
Hearsay is a statement, other than one made 
 by the declarant, while testifying at the trial or hearing, offered in evidence 
 to prove the truth of the matter asserted.  Rule 801(c), SCRE; see State 
 v. Townsend, 321 S.C. 55, 59, 467 S.E.2d 138, 141 (Ct. App. 1996) (holding 
 hearsay is defined as an out of court statement offered to prove the truth of 
 the matter asserted). Furthermore, [h]earsay is not admissible except as provided 
 by these rules or by other rules prescribed by the Supreme Court of this State 
 or by statute.  Rule 802, SCRE.
However, error in the admission of evidence, without more, 
 is insufficient to reverse a jury verdict, unless the additional element of 
 prejudice is demonstrated.  State v. Mitchell, 286 S.C. 572, 573, 336 
 S.E.2d 150, 151 (1985).  Whether improperly admitted evidence is prejudicial 
 must be determined from its relationship to the entire case.  Id.  Thus, 
 improperly admitted hearsay evidence is not prejudicial where it is merely cumulative 
 to other evidence.  State v. Blackburn, 271 S.C. 324, 329, 247 S.E.2d 
 334, 337 (1978); cf. State v. Saltz, 346 S.C. 114, 124, 
 551 S.E.2d 240, 246 (2001) (Erroneously admitted corroboration testimony is 
 not harmless merely because it is cumulative. On the contrary, it is precisely 
 this cumulative effect which enhances the devastating impact of improper corroboration.) 
 (internal citations omitted).
At trial, Evans identified Skanes as her accomplice in committing 
 the robbery.  Skanes did not object to her in-court identification.  Subsequently, 
 the State called Roser to the stand.  Roser testified he interviewed Evans, 
 and as a result of that interview, Skanes was identified as Evans co-defendant.   
 Skanes did not object to this testimony.  
Thereafter, the State asked Roser if, during his interview 
 with Evans, she identified her accomplice in committing the robbery.  Skanes 
 objected, arguing the testimony would be hearsay, and the circuit court overruled 
 the objection.
Even assuming the evidence was hearsay, we conclude the evidence 
 was cumulative and thus not prejudical because the substance of Rosers testimony 
 was already presented without objection through both his and Evans previous 
 testimony.  See State v. Crawley, 349 S.C. 459, 466, 562 S.E.2d 
 683, 687 (Ct. App. 2002) (holding the circuit court did not commit reversible 
 error by permitting alleged hearsay testimony, where substance of alleged hearsay 
 testimony was previously admitted without objection).  Thus, we hold the circuit 
 court did not commit reversible error.   
II.      Photographic 
 Lineup
Skanes argues the circuit court erred by permitting 
 the State to introduce testimony explaining Lopezs signature on the back of 
 the lineup, especially where, as here, Lopez was unavailable and could not be 
 cross-examined.  Skanes contends this testimony was hearsay in violation of 
 Rule 802, South Carolina Rules of Evidence.  We disagree.
[W]hen a party introduces evidence about a particular 
 matter, the other party is entitled to explain it or rebut it, even if the latter 
 evidence would have been incompetent or irrelevant had it been offered initially.  
 State v. Beam, 336 S.C. 45, 52, 518 S.E. 2d 297, 301 (Ct. App. 1999).  
 Furthermore, [a] party cannot complain of prejudice from the admission of evidence 
 if he opened the door to its admission.  State v. Dunlop, 346 S.C. 312, 
 325-26, 550 S.E.2d 889, 897 (Ct. App. 2001); Beam, 336 S.C. at 53, 518 
 S.E.2d at 301 (A party may not complain of error caused by his own conduct.). 
 
 
 During Skanes cross-examination of Reyes, Skanes 
 admitted the photographic lineup into evidence, with Lopezs signature on the 
 back.  The lineup was then published to the jury.  No evidence exists within 
 the record indicating Skanes attempted to redact Lopezs name from the lineup 
 prior to its admission into evidence and publication to the jury. 

Subsequently, the State moved to reopen its case to explain 
 the presence of Lopezs signature on the back of the admitted lineup.  Skanes 
 objected, arguing the testimony would be hearsay.  The circuit court overruled 
 his objection and admitted the testimony.  Thereafter, Arbello testified when 
 he showed the lineup to Lopez, Lopez identified Skanes as the perpetrator and 
 signed the back of the lineup. 
We conclude the circuit court did not err by admitting Arbellos 
 testimony.  Once Skanes admitted the lineup with Lopezs signature on the back 
 into evidence, the door was opened allowing testimony to explain the signatures 
 presence.  
CONCLUSION
For the foregoing reasons, Skanes convictions 
 are
AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concur.