THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Vincent Boseman, Appellant.
 
 
 

Appeal From Richland County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2005-UP-305
Heard April 4, 2005  Filed May 5, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, South Carolina Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  Senior Assistant Attorney General Harold M. Coombs, all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Following a retrial, Vincent Boseman was convicted of armed robbery, simple assault, and resisting arrest.  He appeals, arguing the trial court committed reversible error by incorporating certain pretrial rulings from his first trial into the current proceeding.  We affirm.
FACTS
At the first trial in December 2000, Boseman was convicted of armed robbery, assault of a high and aggravated nature (AHAN), and resisting arrest for a robbery that occurred on February 14, 1997, at the Town and Tourist motel in Columbia, South Carolina.  He was sentenced to life in prison without parole.  On appeal, this Court reversed and remanded the matter for a new trial based on an error in remedying a Batson[1] challenge.  See State v. Boseman, Op. No. 2003-UP-096 (S.C. Ct. App. filed Feb. 4, 2003).
At the retrial in July 2003, the State filed a document entitled No Subsequent Motion, which sought, pursuant to Rule 4(b), SCRCrimP, to prevent any further motions about identification, search and seizure, and other issues of law decided in the first trial that had not been appealed or reversed by an appellate court.[2]  On the first day of trial, the State noted it would have one new witness who would have to be examined in camera, but sought to be allowed to go straight forward in front of the jury with any witness who had already testified in camera as to the show-up and in-court identifications during the first trial on the basis the judge in the first trial had already found their testimony to be admissible.  Defense counsel objected, arguing the current trial was a new proceeding for which the previous rulings were not binding.  
The trial court stated it would accept Judge Williamss [James C. Williams, Jr.] rulings that were made as being bound upon this court as far as what those witnesses would testify to, and also the decisions and conclusions reached by Judge Williams in the prior proceeding.  The court ordered that portions of the trial transcript, including the pretrial motions and the rulings on those motions, be incorporated into the record of the current proceeding.[3]  
At the conclusion of the trial, Boseman was convicted of armed robbery, simple assault (as a lesser-included offense of AHAN), and resisting arrest.  He was again sentenced to life in prison without parole.  
STANDARD OF REVIEW
In criminal cases, an appellate court sits to review errors of law only.  State v. Wilson, 345 S.C. 1, 545 S.E.2d 827 (2001).  The appellate court is bound by the trial courts preliminary factual findings in determining the admissibility of certain evidence in criminal cases, and on appeal we are limited to determining whether the trial court abused its discretion.  Id.  We do not re-evaluate the facts based on our own view of the preponderance of the evidence, but instead simply determine whether the trial courts ruling is supported by any evidence.  Id.  
LAW/ANALYSIS
On appeal, Boseman argues the trial court committed reversible error warranting a new trial by incorporating as binding certain portions of the pretrial transcript and rulings from his first trial.  We disagree.
At the first trial in 2000, Willie McCalvin and Carl Holmes identified Boseman as the person who had robbed a group of people at gunpoint at the Town and Tourist motel on February 14, 1997.  
At the second trial in 2003, Carl Holmes did not testify.  Willie McCalvin was the first witness up and testified in detail about the events of the robbery.  McCalvin made an in-court identification of Boseman as the robber without objection.  
A new witness who did not testify at the first trial, Howard Smith, was introduced at the retrial and subjected to an in camera review by the trial court.  Smith confirmed that he had immediately identified Boseman to the police at the scene when the incident occurred in 1997, but he was not able to make an in-court identification of Boseman at the time of this trial in 2003.  
Thus, the issue of incorporating the first trials pretrial rulings is relevant only as to McCalvin, who testified in camera during the first trials pretrial hearing and who testified at the retrial.  
Initially, we question whether the issue raised here is preserved.  The trial courts ruling regarding the admissibility of the evidence was made after the jury was selected but before it was sworn, which normally would be considered an in limine ruling.  Where a ruling on the admissibility of evidence is made in limine, it is generally not a final ruling and is subject to change pending developments at trial.  State v. Forrester, 343 S.C. 637, 541 S.E.2d 837 (2001).  Thus, any objection must be renewed when the evidence comes in.  Id.  As noted above, however, no objection was made to McCalvins identification of Boseman.[4]  
This case is unusual, however, because the trial court indicated it was making a final ruling in this regard by stating it was bound by the decision in the first trial.  Further, McCalvin was the first witness up and no evidence came in between the courts ruling and the identification; however, before McCalvin testified, the court heard Smiths in camera testimony, made rulings on other pretrial matters, instructed the jury on general procedures and had them sworn, following which counsel for both sides made opening statements.  Cf. State v. Mueller, 319 S.C. 266, 268-69, 460 S.E.2d 409, 410-11 (Ct. App. 1995) (stating an in limine motion is a pretrial procedure and the ruling is subject to change depending on the development of the case, so the losing party must renew his objection at trial to preserve the issue for appeal; the court held that a ruling on the admissibility of evidence made immediately before a witness testified during trial was not a preliminary ruling, but was final, thus distinguishing it from an in limine motion, and that the party was not required to renew an objection). 
Even if the issue raised here is preserved, we nevertheless find no error warranting reversal.  
When evidence is erroneously admitted, reversal is not required unless the appellant was prejudiced by the error.  State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (citation omitted).  

Whether an error is harmless depends on the circumstances of the particular case.  No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case.  Error is harmless when it could not reasonably have affected the result of the trial.

Id. (quoting State v. Key, 256 S.C. 90, 180 S.E.2d 888 (1971)).
We hold that, even assuming the trial court committed error, Boseman has not shown what, if any, prejudice he has suffered that would justify a reversal.
In addition to McCalvins testimony identifying Boseman, another victim, Howard Smith, testified about the robbery as noted above and confirmed that immediately after the incident, he had identified Boseman to police at the scene.  The police had immediately descended on the motel and apprehended Boseman after hearing a shot Boseman fired as he left the victims room.  Additionally, officer Brian OConnell testified that a search at the scene revealed Boseman had in his possession a cell phone, identification, and money belonging to the victims.  This evidence came in without objection.  Based on the foregoing, we find any testimony offered by McCalvin could not have prejudiced this case and note that Boseman has offered no specific arguments or evidence regarding any prejudice.  
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  Batson v. Kentucky, 476 U.S. 79 (1986).
[2]  Rule 4(b) provides:  If any motion be made to any judge and be denied, in whole or in part, or be granted conditionally, no subsequent motion upon the same set of facts shall be made to any other judge in that action.  If upon such subsequent motion any order be made, it shall be void.  Rule 4(b), SCRCrimP.  The State also asserts in the motion that the parties are collaterally estopped from re-arguing the same issues, but the concept of collateral estoppel clearly is not implicated here.  
[3]  In its brief, the State argues the incorporation of the pretrial rulings was precisely what Boseman wanted.  This statement is misleading, however.  Once the trial court determined the previous pretrial rulings would be binding, Boseman then agreed, despite his continuing objection to the ruling, that he wanted the transcript incorporated into the record for purposes of appeal.  
[4]  Further, items recovered from Boseman by the police also came in without objection.  At the end of the trial, defense counsel did move for a mistrial.