**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Clifford A. Wylie, Appellant.

Appellate Case No. 2010-151187

---

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

---

Memorandum Opinion No. 2012-MO-032
Heard May 22, 2012 – Filed August 15, 2012

---

**AFFIRMED**

---

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia, and Solicitor W. Walter Wilkins, of Greenville, for Respondent.

---

PER CURIAM:  Clifford Wylie was convicted of murder, possession of a firearm during the commission of a violent crime, and unlawful conduct toward a child.  He subsequently was sentenced to life without parole for murder, ten years' imprisonment for unlawful conduct toward a child, and five years' imprisonment for possession of a firearm, all to run concurrent.  He argues on appeal the circuit court erred in: (1) determining he was competent to stand trial without first granting a continuance to obtain the full competency report required by Section 44-23-420(A) of the South Carolina Code (Supp. 2011)[1]; (2) not granting a continuance so he could procure the full court-ordered report regarding his criminal responsibility[2]; (3) permitting a doctor who did not perform the victim's autopsy to testify about its results, and a psychologist to repeat statements made by Wylie's son, in violation of Wylie's right to confrontation under the Sixth Amendment; (4) not finding the psychologist's testimony also was inadmissible hearsay; and (5) sentencing him for possession of a firearm in contravention of Section 16-23-490(A) of the South Carolina Code (2003).  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Competency: *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key*, 256 S.C. 90, 93, 180 S.E.2d 888, 890 (1971))); *see also State v. Weik*, 356 S.C. 76, 81, 587 S.E.2d 683, 685 (2002) ("The defendant bears the burden of proving his lack of competence by a preponderance of the evidence, and the trial judge's ruling will be upheld on appeal if supported by the evidence and not against its preponderance."); *State v. Bell*, 293 S.C. 391, 396, 360 S.E.2d 706, 709 (1987) ("The very nature of the inquiry as to a defendant's competency to stand trial demands that a court not be bound strictly by the views of experts.").

2. Criminal Responsibility: *Mitchell*, 286 S.C. at 573, 336 S.E.2d at 151 (defining harmless error); *see also* S.C. Code Ann. § 17-24-10(B) (2003) ("The defendant has the burden of proving the defense of insanity by a preponderance of the evidence."); *State v. Lewis*, 328 S.C. 273, 278, 494 S.E.2d 115, 119 (1997) (holding a defendant may use lay testimony to

---

[1] The report submitted by the Department of Mental Health summarily concluded Wylie was competent to stand trial and did not contain any specific findings.

[2] This report also only stated in a conclusory fashion that Wylie was criminally responsible and had the capacity to conform his conduct to the law.

prove insanity); *State v. Smith*, 298 S.C. 205, 208, 379 S.E.2d 287, 288 (1989) ("A criminal defendant is presumed to be sane . . . .").

3. Confrontation Clause: *State v. Holder*, 382 S.C. 278, 285, 676 S.E.2d 690, 694 (2009) ("Violations of the Confrontation Clause are subject to a harmless error analysis."); *State v. Mizzell*, 349 S.C. 326, 333, 563 S.E.2d 315, 318-19 (2002) ("Whether an error is harmless depends on the particular facts of each case and upon a host of factors including: 'the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and[,] of course[,] the overall strength of the prosecution's case.'" (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986))).

4. Hearsay: *State v. Vick*, 384 S.C. 189, 199, 682 S.E.2d 275, 280 (Ct. App. 2009) ("It is well settled that evidence is not hearsay unless offered to prove the truth of the matter asserted."); *State v. Adkins*, 353 S.C. 312, 326, 577 S.E.2d 460, 468 (Ct. App. 2003) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion.").

5. Sentence: *State v. Sheppard*, 391 S.C. 415, 423, 706 S.E.2d 16, 20 (2011) ("Our law is clear that an issue may not be raised for the first time on appeal."); *State v. Johnston*, 333 S.C. 459, 463-64 & n.3, 510 S.E.2d 423, 425 & n.3 (1999) (finding a narrow exception to the preservation requirement exists with respect to sentencing only in the "exceptional circumstance" where "there is a real threat that [the d]efendant will remain incarcerated beyond the legal sentence due to the additional time it will take to pursue" post-conviction remedies to review an illegal sentence, but this exception "is not intended to disrupt our settled rules on issue preservation" and "[t]he facts here are unique and demand an expedited result").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**