**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Willie M. Williams, Appellant.

Appellate Case No. 2013-001152

———————————

Appeal From Greenville County
Deadra L. Jefferson, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-215
Heard March 9, 2016 – Filed May 18, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————————

**PER CURIAM:** Willie Marvin Williams appeals his conviction for the murder of his estranged wife, Natasha Kerns (Victim). He argues the circuit court erred in (1) excluding a statement made by Victim's boyfriend and (2) denying his request to charge involuntary manslaughter. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the circuit court's exclusion of Victim's boyfriend's statement: Rule 801(c), SCRE (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); *State v. Vick*, 384 S.C. 189, 199, 682 S.E.2d 275, 280 (Ct. App. 2009) ("It is well settled that evidence is not hearsay unless offered to prove the truth of the matter asserted."); *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 312-13, 628 S.E.2d 496, 514 (Ct. App. 2006) ("The [circuit] court's decision will not be reversed on appeal unless it appears the [circuit] court clearly abused its discretion and the objecting party was prejudiced by the decision."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (indicating error is harmless when it could not reasonably have affected the trial's outcome); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (finding error is harmless when "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached").

2.      As to the circuit court's refusal to charge the jury with involuntary manslaughter: *State v. Rios*, 388 S.C. 335, 340-41, 696 S.E.2d 608, 611-12 (Ct. App. 2010) (finding defendant's request for an involuntary manslaughter charge unpreserved when he acquiesced in the circuit court's decision not to give the charge and never subsequently objected to the court's refusal to give the charge).

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**