**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Donte Samar Brown, Appellant.

Appellate Case No. 2014-001082

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-447
Heard September 21, 2016 – Filed November 2, 2016

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Donte Samar Brown appeals his convictions of armed robbery, kidnapping, criminal conspiracy, and burglary in the second degree. He contends

the trial court erred in admitting global positioning system (GPS) records from an electronic monitoring device under the business records exception to the rule against hearsay, Rule 803(6), SCRE. He also maintains the trial court erred in admitting evidence obtained pursuant to a search warrant, which he argues was defective under section 17-13-140 of the South Carolina Code (2014). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting GPS records from the electronic monitoring device: Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 803(6), SCRE (providing under the business records exception to the rule against hearsay, evidence is admissible if it is "[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness"); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (affirming the conviction despite the admission of hearsay testimony that did not fall within any exceptions because "there was abundant evidence in the record from which the jury could have found appellant guilty, notwithstanding the hearsay testimony").

2. As to whether or not the trial court erred in admitting evidence obtained pursuant to the search warrant: S.C. Code Ann. § 17-13-140 ("Any warrant issued hereunder shall be executed and return made only within ten days after it is dated. The officer executing the warrant shall make and deliver a signed inventory of any articles seized by virtue of the warrant, which shall be delivered to the judicial officer to whom the return is to be made, and if a copy of the inventory is demanded by the person from whose person or premises the property is taken, a copy of the inventory shall be delivered to him."); *State v. Weaver*, 374 S.C. 313, 323, 649 S.E.2d 479, 484 (2007) ("[T]he State's failure to comply with the statutory ministerial requirement does not void the warrant and the evidence can not be excluded on this ground."); *id.* (holding evidence was still admissible despite a faulty warrant because the appellant failed to show any prejudice).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**