**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brian Everett Pringle, Appellant.

Appellate Case No. 2017-001571

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-391
Submitted October 1, 2019 – Filed December 18, 2019

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, for Respondent.

---

**PER CURIAM:** Brian Everett Pringle appeals his convictions of three counts of strong arm robbery. On appeal, Pringle asserts the trial court abused its discretion by allowing the jury to hear evidence of prior bad acts because the probative value of his former probation officer's testimony and the testimony of a law enforcement

officer who found drug paraphernalia in Pringle's car was substantially outweighed by the prejudicial effect of this testimony. The State argues the trial court did not abuse its discretion by admitting the probation officer's testimony and the law enforcement officer's drug paraphernalia testimony because the evidence was more probative than prejudicial in establishing Pringle's identity. The State asserts that even if the trial court erred in admitting the probation officer's testimony and the testimony regarding drug paraphernalia, any error committed was harmless because the evidence presented against Pringle was overwhelming. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We find the trial court did not abuse its discretion in allowing the probation officer's identification testimony because it was offered as to a material fact, Pringle's identity, and was not needlessly cumulative. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." (quoting *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989)) (emphasis in original)); *id.* ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))); *State v. Lyle*, 125 S.C. 406, 436, 118 S.E. 803, 814 (1923) (holding "a trial court has no discretionary power to exclude competent evidence that is not merely cumulative, offered as to a material point of fact, the proof of which is essential to the establishment of a party's cause of action"); *id.* at 439-40, 118 S.E. at 815 ("Every fact [. . .] which closes up an exit of possible distrust of the testimony, i.e., which prevents or refutes a possible discrediting hypothesis, is a corroborative fact." (quoting John Henry Wigmore, *Principles of Judicial Proof* 732 (1913))).

2. To the extent the admission of the testimony of the law enforcement officer who found the crack pipe was erroneous, we find any error was harmless because, when considering this case as a whole, the evidence presented against Pringle at trial was overwhelming. *See State v. Thompson*, 352 S.C. 552, 562, 575 S.E.2d 77, 83 (Ct. App. 2003) ("Whether an error is harmless depends on the circumstances of the

particular case."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case."); *Thompson*, 352 S.C. at 562, 575 S.E.2d at 83 ("Error is harmless when it could not reasonably have affected the result of the trial."); *id*. ("Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.