**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kraig Jermayne Anderson, Appellant.

Appellate Case No. 2018-000703

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-031
Submitted January 1, 2021 – Filed February 3, 2021

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Kraig Jermayne Anderson appeals his conviction for first-degree criminal sexual conduct and his sentence of thirty years' imprisonment. On appeal, he argues the trial court abused its discretion by (1) refusing to suppress a photographic lineup featuring a photograph of Anderson in prison clothing and (2)

refusing to grant a mistrial after the State published the same photograph to the jury. We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

1. The trial court did not abuse its discretion in admitting the photographic lineup. *See State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 425 (2012) ("Generally, the decision to admit an eyewitness identification is at the trial [court]'s discretion and will not be disturbed on appeal absent an abuse of discretion."). Initially, we find the photo lineup was not unduly suggestive. *See State v. Moore,* 343 S.C. 282, 287, 540 S.E.2d 445, 447-448 (2000) (internal quotations omitted) ("The United States Supreme Court has developed a two-prong[ed] inquiry to determine the admissibility of an out-of-court identification. . . . First, a court must ascertain whether the identification process was unduly suggestive. . . . It next must determine whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed. . . . Only if the procedure was suggestive need the court consider the second question . . . ."). The victim viewed three separate photo lineups before identifying Anderson in the fourth lineup. The officer presenting the fourth lineup did not indicate whether any of the individuals in the lineup were suspects and after the victim identified Anderson, he made no suggestion the choice was correct. Additionally, the photo used in the lineup displays Anderson's shoulders and approximately three inches of his chest; although he appears to be wearing a grey and white striped shirt, the victim testified she was unaware Anderson wore prison clothing in the photo. Further, even if the lineup had been unduly suggestive, the trial court did not abuse its discretion in refusing to suppress the lineup because the victim so reliably identified Anderson that there was no substantial likelihood of irreparable misidentification. *See State v. Turner,* 373 S.C. 121, 127, 644 S.E.2d 693, 696 (2007) ("The inquiry must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification."); *State v. Spears*, 393 S.C. 466, 479-80, 713 S.E.2d 324, 331 (Ct. App. 2011) ("The following factors are to be considered in evaluating the totality of the circumstances when determining the likelihood of misidentification: (1) the witness's opportunity to view the perpetrator at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation."). The victim observed Anderson three times during the night of the assault; the first, when she spoke with him in the well-lit bar, the second, when she rode in the car with him for over an hour, and the third, when she was face-to-face with him during the assault. She was able to describe her attacker immediately

following the assault. Additionally, although over a year lapsed between the assault and the victim's identification of Anderson, she viewed three lineups in which she did not identify any individual as her attacker, she immediately identified Anderson in the fourth lineup, and she was very certain he was her attacker. Because the victim reliably identified Anderson as her attacker, there was no substantial likelihood of irreparable misidentification, and the trial court did not abuse its discretion in admitting the photographic lineup.

2. The trial court did not abuse its discretion in denying Anderson's motion for a mistrial after the State published the photograph to the jury. *See State v. Culbreath*, 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct. App. 2008) ("Whether to grant or deny a mistrial motion is a matter within the trial court's sound discretion, and the court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Council*, 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999) (stating a mistrial should be declared only when necessary and requires a defendant to show both error and resulting prejudice); *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009) ("The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). In the photograph published to the jury, only Anderson's head and shoulders are visible, and he wears a grey and white striped shirt; it is not readily apparent that he is wearing a prison jumpsuit. Additionally, the victim identified Anderson as her attacker in surveillance footage from the bar and in court in addition to identifying him in the out-of-court photo lineup. The State also presented multiple witnesses who testified that the victim had been strangled and sexually assaulted.[1] Because the evidence presented at trial overwhelmingly implicated Anderson, any prejudice resulting from publishing the photograph to the jury was minimal and did not necessitate granting a mistrial, and the trial court did not abuse its discretion in refusing to do so. *State v. Commander*, 396 S.C. 254, 262-63, 721 S.E.2d 413, 417 (2011) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a 'manifest abuse of discretion accompanied by probable prejudice.'" (quoting *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006))); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("[T]he materiality and prejudicial character of [an] error must be determined from its relationship to the entire case.").

---

[1] DNA evidence overwhelmingly linked Anderson to the crime.

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.