**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Demetrick Doctor, Appellant.

Appellate Case No. 2022-000554

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

Unpublished Opinion No. 2025-UP-027
Submitted January 1, 2025 – Filed January 29, 2025

**AFFIRMED**

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia, all for Respondent.

**PER CURIAM:** Demetrick Doctor appeals his convictions of attempted murder and two counts of murder, and concurrent sentences of life without parole. Doctor argues the trial court erred by failing to suppress the recording of his custodial

interrogation because he signed the acknowledgement of rights form, but refused to sign the waiver of rights form; repeatedly shook his head "no" when asked if he would speak with police; and said "I don't want to" when the police read the waiver of rights form.[1] We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold the trial court did not err by denying Doctor's motion to suppress his interrogation with police because he did not unequivocally invoke his rights. *See State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("[T]he question of voluntariness presents a mixed question of law and fact."); *id.* ("[Appellate courts] review the trial court's factual findings regarding voluntariness for any evidentiary support."); *id.* ("However, the ultimate legal conclusion— whether, based on those facts, a statement was voluntarily made—is a question of law subject to de novo review."); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("The trial court's factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *State v. Aleksey*, 343 S.C. 20, 31, 538 S.E.2d 248, 253 (2000) ("When a suspect invokes his right to remain silent, law enforcement officers must scrupulously honor it."); *Davis v. United States*, 512 U.S. 452, 459, (1994) (holding an invocation of rights must be clear and unequivocal); *Aleksey*, 343 S.C. at 31, 538 S.E.2d at 253 ("[B]efore law enforcement officers are required to discontinue questioning, the suspect must clearly articulate his desire to end the interrogation.").

We find Doctor's initial "refusal" to speak with police was ambiguous: while Doctor did nod his head "no," he only stated he "probably" would not speak with officers while holding his hands with his palms up in an "I don't know" manner. Further, we hold even if he did invoke his right to remain silent, his subsequent re-initiation of conversation validly waived that right. *See Aleksey*, 343 S.C. at 31, 538 S.E.2d at 253 ("[L]aw enforcement officers may certainly speak with a suspect who reinitiates communication subsequent to an invocation of rights."). Because the officers asked Doctor to clarify whether he was invoking his rights, and Doctor invited officers to inform him about the evidence in their possession even after they reiterated they could not speak with him about the case if he was invoking his rights, the officers did not violate Doctor's rights by continuing the interview. *See North Carolina v. Butler*, 441 U.S. 369, 373-76 (1979) (holding that a criminal defendant's course of conduct, coupled with an understanding of his rights, may constitute a waiver of *Miranda*).

---

[1] Doctor argues he said "I don't want to," but the recording is unclear. The State argues he said "I don't know."

In addition, we hold that even if the trial court erred by finding the interrogation admissible, the error was harmless beyond a reasonable doubt. *See State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key,* 256 S.C. 90, 93-94 180 S.E.2d 888, 890 (1971)). Doctor's statements were not material, and did not contribute to the verdict because Doctor did not confess to any of the charged offenses, but merely admitted to being angry and in an altercation with Victim Glenn the day before the shooting. *See State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."). Two eyewitnesses, Nathan Telford and Stacey Melton, also testified Doctor was armed and at the scene at the time of the shooting, and both Telford and Melton picked Doctor out of a photographic lineup. *See State v. King*, 424 S.C. 188, 201, 818 S.E.2d 204, 211 (2018) ("[A] trial's result is harmless where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'" (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989)). Therefore, we hold Doctor's statements during the interrogation could not have contributed to the result of the trial.

**AFFIRMED.**[2]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.