**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Louis Hayden, Appellant.

Appellate Case No. 2022-001459

———————

Appeal From Lancaster County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-012
Submitted November 3, 2025 – Filed January 14, 2026

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Randy E. Newman, of Lancaster, all for Respondent.

———————

**PER CURIAM:** David Louis Hayden appeals his convictions for trafficking in persons under eighteen years of age, first-degree criminal sexual conduct (CSC) with a minor, and contributing to the delinquency of a minor, and concurrent

sentences of life without parole (LWOP) for trafficking in persons under eighteen years of age, LWOP for first-degree CSC with a minor, and three years' imprisonment for contributing to the delinquency of a minor. On appeal, Hayden argues the trial court erred in preventing him from impeaching the minor victim's (Victim's) credibility with evidence regarding an alleged false allegation (the allegation) of sexual assault. We affirm pursuant to Rule 220(b), SCACR.

We hold any error of the trial court in preventing Hayden from introducing evidence and cross-examining Victim regarding the allegation *solely* on the basis the allegation occurred after the facts of this case was harmless because the allegation was otherwise inadmissible under *State v. Boiter*.[1] *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Taylor*, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) ("[I]n order for this [c]ourt to reverse a case based on the erroneous admission or exclusion of evidence, prejudice must be shown."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("Prejudice occurs when there is reasonable probability the wrongly admitted evidence influenced the jury's verdict."). Although *Boiter* governs the admission of "prior false allegations" of a complainant, and this allegation occurred subsequent to the events of the case, it nevertheless occurred *prior* to the actual trial, and such an allegation may have the same potential probative value; therefore, a *Boiter* analysis would still apply. *See Boiter*, 302 S.C. at 383, 396 S.E.2d at 365 ("Evidence of prior false accusations by a complainant may be probative on the issue of credibility."). Nevertheless, Hayden failed to establish the allegation was admissible under a *Boiter* analysis. *See State v. Reyes*, 432 S.C. 394, 406, 853 S.E.2d 334, 340 (2020) ("Whether an error is harmless depends on the circumstances of the particular case." (quoting *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985))); *id.* ("Error is harmless when it could not reasonably have affected the result of the trial." (quoting *Mitchell*, 286 S.C. at 573, 336 S.E.2d at 151)); *Boiter*, 302 S.C. at 383, 396 S.E.2d at 365 ("[I]n deciding admissibility of evidence of a victim's prior accusation, the trial [court] should first determine whether such accusation was false."); *id.* ("If the prior allegation was false, the next consideration becomes remoteness in time."); *id.* at 383-84, 396 S.E.2d at 365 ("Finally, the trial court shall consider the factual similarity between prior and present allegations to determine relevancy.").

---

[1] 302 S.C. 381, 396 S.E.2d 364 (1990).

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.