**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Quinterious Raquon Truesdale, Appellant.

Appellate Case No. 2022-000903

———————————

Appeal From Lancaster County
Maite Murphy, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-038
Submitted January 2, 2026 – Filed February 4, 2026

———————————

**AFFIRMED**

———————————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————————

**PER CURIAM:**  Quinterious Raquon Truesdale appeals his convictions for murder, first-degree burglary, and two counts of possession of a firearm during the commission of a violent crime.[1]  Truesdale also appeals his concurrent sentences of life without parole for murder and first-degree burglary.[2]  On appeal, Truesdale argues the trial court erred in failing to charge the jury on voluntary manslaughter because evidence supported the charge.  We affirm pursuant to Rule 220(b), SCACR.

We hold any error in denying Truesdale's request to charge the jury on voluntary manslaughter was harmless because there was no evidence of Truesdale's sudden heat of passion.  *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Reyes*, 432 S.C. 394, 406, 853 S.E.2d 334, 340 (2020) ("Whether an error is harmless depends on the circumstances of the particular case." (quoting *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985))); *id.* ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *Mitchell*, 286 S.C. at 573, 336 S.E.2d at 151)); *State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014) ("The trial court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense."); *id.* ("In determining whether the evidence requires a charge on a lesser-included offense, the [appellate] [c]ourt must view the facts in the light most favorable to the defendant."); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a *rational* inference the defendant was guilty only of the lesser offense." (emphasis added)); *State v. Walker*, 324 S.C. 257, 260, 478 S.E.2d 280, 281 (1996) ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation."); *id.* ("The sudden heat of passion, upon sufficient legal provocation, . . . must be such as would naturally disturb the sway of reason, and render the mind of an ordinary person incapable of cool reflection, and produce what, according to human experience, may be called an uncontrollable impulse to do violence."); *State v. Starnes*, 388 S.C. 590, 598, 698 S.E.2d 604, 609 (2010) ("[T]he mere fact that a person is afraid

---

[1] Truesdale was also convicted of possession of a firearm or ammunition by a person convicted of a felony and possession of a handgun by a person convicted of a violent crime.

[2] Truesdale was not sentenced on his convictions for possession of a firearm during the commission of a violent crime due to his sentences of life without parole on the corresponding convictions.

is not sufficient, by itself, to entitle a defendant to a voluntary manslaughter charge."); *id.* ("[T]he fear must be the result of sufficient legal provocation [and] cause the defendant to lose control and create an uncontrollable impulse to do violence."); *State v. Cole*, 338 S.C. 97, 102, 525 S.E.2d 511, 513 (2000) (stating that three to five minutes between the confrontation and the search for a weapon constituted sufficient time for cool reflection).

**AFFIRMED.**[3]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.