**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shannon Lane Bone, Appellant.

Appellate Case No. 2022-000873

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-105
Submitted January 2, 2026 – Filed March 4, 2026

———————

**AFFIRMED**

———————

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:**  Shannon Lane Bone appeals her conviction for armed robbery and sentence of life without parole.  On appeal, Bone argues the trial court erred by failing to suppress portions of her recorded interview with law enforcement

officers in which she volunteered to act as a confidential informant, she asked about a reduction in her charge, and an officer questioned her about a separate motor vehicle break-in.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the portions of the recording in which Bone offered to act as a confidential informant and questioned officers about a reduction in her charge because they were relevant to demonstrating Bone's consciousness of guilt.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Lyles*, 379 S.C. 328, 339, 665 S.E.2d 201, 207 (Ct. App. 2008) ("The trial judge's decision regarding the relevancy of evidence should only be overturned for a clear abuse of discretion."); *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. McDowell*, 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976) ("As a general rule, any guilty act, conduct, or statements on the part of the accused are admissible as some evidence of consciousness of guilt."); *State v. Martin*, 403 S.C. 19, 26, 742 S.E.2d 42, 46 (Ct. App. 2013) ("This general rule applies to evidence of particular acts . . . ."); *Pagan*, 369 S.C. at 209, 631 S.E.2d at 266 ("The critical factor to the admissibility of evidence of [a guilty conscience] is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by authorities."); *State v. Cartwright*, 425 S.C. 81, 91-93, 819 S.E.2d 756, 761-62 (2018) (ruling a trial court did not abuse its discretion in admitting evidence of the defendant's attempted suicide because "a clear and unmistakable nexus link[ed] the suicide attempt to a guilty conscience derivative of the offence for which the defendant [was] on trial"); *see also United States v. Cardena*, 842 F.3d 959, 992 (7th Cir. 2016) ("[A]n offer to cooperate to get oneself out of trouble is relevant evidence tending to show consciousness of guilt."); *United States v. Levy*, 578 F.2d 896, 900-01 (2nd Cir. 1978) (finding a defendant's offer to work as an informant for the DEA "evidence[d] a consciousness of guilt" and showed the defendant was aware "he was in serious difficulty with the law and needed to do something to extricate himself").

We hold the trial court abused its discretion in admitting the portions of the recording related to the alleged vehicle break-in because the risk of unfair prejudice to Bone substantially outweighed the probative value of the information. *See* Rule 403, SCRE ("[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

time, or needless presentation of cumulative evidence.").  However, such error was harmless given the strong evidence of Bone's guilt of the charged offense, which included witnesses observing Bone's license plate number on the robber's vehicle, a witness identifying Bone's voice as belonging to the robber, phone records placing Bone at the scene of the crime, and Bone's guilty conduct.  *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key*, 256 S.C. 90, 93, 180 S.E. 2d 888, 890 (1971))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.