21083

The STATE, Respondent, v. Raymond A. ZIEGLER, Appellant.
(260 S. E. (2d) 182)

*W. Gaston Fairey,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, *for respondent.*

November 13, 1979.

LITTLEJOHN, Justice:

The defendant-appellant, Raymond A. Zeigler, was indicted and tried by a jury for (1) kidnapping, (2) criminal sexual conduct in the first degree, (3) armed robbery, and (4) conspiracy to commit murder. He was convicted (1) of kidnapping, for which he received a life sentence, and (2) of criminal sexual conduct in the first degree, for which he received a 30 year sentence, and (3) of armed robbery, for which he received a 25 year sentence, all to run concurrently.

Defendant now appeals the convictions, submitting to this court six questions for determination. The first challenges the jurisdiction of the court, while the other five allege trial errors on the part of the judge.

A threshold issue was submitted to the judge at the commencement of the trial and appropriately resubmitted later during the proceedings. It was the contention of the defendant that the Court of General Sessions for Richland County did not have jurisdiction over criminal actions that take place within the boundaries of the United States Military Base at Fort Jackson. The judge overruled counsel's motion, holding that the court had ". . . joint jurisdiction where a crime occurs on the Fort Jackson reservation, jointly in the Court of General Sessions of the State of South Carolina and in the United States District Court."

A brief summary of the facts is necessary for a determination of this threshold question. The evidence submitted by the chief prosecuting witness, Harrison, abundantly supports, and the jury obviously believed, that the prosecuting witness became acquainted with defendant and his friend, Duarte[1], at a bar in Richland County outside the fort. The

---

[1] Also indicted but not on trial

prosecuting witness, a retired Army man, agreed to give a ride to defendant and Duarte back to the fort in his automobile. On the way, with the use of force and threat of force, defendant and Duarte commanded him to keep driving. Later, they made him stop the automobile outside of the fort and committed sexual misconduct on his body. By force or threat of force, they also took his billfold. Still later, they drove onto the fort property and repeated acts of sexual misconduct and, in addition, stripped him of his clothes and took his tool box and other personal properties out of his automobile. These items were later found in the barracks among Duarte's possessions. Defendant admitted having helped carry them from the car to the barracks. In summary, we have evidence of a kidnapping taking place off the fort and continuing onto the fort property. We also have evidence of sexual misconduct and of armed robbery both off and on the fort premises.

The defendant contends that the lower court erred in ruling that the State of South Carolina has concurrent jurisdiction over crimes which occur within the boundaries of the United States Military Base at Fort Jackson. We agree.

The United States Constitution, Article I, § 8, clearly creates exclusive federal authority over land that is purchased with the consent of the state legislature by the federal government for certain governmental purposes, including forts. South Carolina has provided its consent for such purchases in § 3-1-110, *Code of Laws of South Carolina* (1976). Section 3-1-120 creates exclusive jurisdiction over land so acquired.

The United States has heretofore acquired title to the land comprising Fort Jackson.[2] Pursuant to 40 U.S.C. § 255, the Secretary of War accepted exclusive jurisdiction over the lands in 1943. It follows that the lower court was

---

[2] For a discussion of the details incident thereto, see *United States v. Lovely*, 319 F. (2d) 673 (1963).

without jurisdiction to try offenses within the boundaries of Fort Jackson.

There is less case law than one might expect relative to the jurisdictional issue. We do find, however, two cases which are supportive on the point that the State court does not have jurisdiction to try a case involving a crime which happened on the Fort property. In *South Carolina Tax Comm. v. Schafer Distributing Co.,* 247 S. C. 491, 148 S. E. (2d) 156 (1966), this court quoted, with apparent approval, the order of the lower court, which said:

" 'The authorities uniformly hold that where the State cedes to the United States the land upon which military installations are placed by the United States, exclusive jurisdiction over all matters and things occurring within the reservation is fixed alone in the United States. The laws of the State of South Carolina and the rules and regulations of the South Carolina Tax Commission have no application whatsoever within Shaw Air Force Base. This Court finds that the sale and delivery of beer in question occurred at the Shaw Air Force Base and beyond the jurisdiction of the State of South Carolina and the rules and regulations of the South Carolina Tax Commission.' "

The Tax Commission held that it was a violation of the state criminal law to sell beer on Sunday at Shaw Air Force Base. Both the circuit court and this court reversed.

In *United States v. Lovely,* 319 F. (2d) 673 (1963), the Fourth Circuit Court of Appeals held that the United States District Court had exclusive jurisdiction of crimes which occurred at Fort Jackson.

The State cites no authority to the contrary. We are of the view that the lower court erred in holding that the court of general sessions had concurrent jurisdiction over crimes occurring at the fort.

Our ruling, however, does not warrant a reversal of the kidnapping charge, nor of the armed robbery charge. Kidnapping is a continuing offense. The of-

fense commences when one is wrongfully and unlawfully deprived of his freedom, and continues until freedom is restored. 1 Am. Jur. (2d) *Abduction and Kidnapping* § 10. Here, the kidnapping commenced in Richland County and continued until the prosecuting witness became free on the fort property. Evidence of that which takes place while one is deprived of his freedom is relevant in a kidnapping charge. If one were kidnapped in the United States and taken into Mexico, evidence relative to that which took place in Mexico, before freedom was restored, would be proper for presentation to a jury, even though, obviously, one could not be convicted in the United States for a kidnapping in Mexico.

The armed robbery count of the indictment charges that the defendant, while armed with a deadly weapon, wrongfully took: wallet, lawful coin and currency of the United States of America, credit cards, camera, watch, mechanic's tools, clothing, and eyeglasses. The amount and value of property taken is of no consequence in an armed robbery case. One may be guilty of armed robbery which involves grand larceny or petty larceny. There is evidence that the defendant and Duarte seized the prosecuting witness's wallet and credit cards, and possibly money, off the fort property. It is the contention of the appellant that other items were not taken until after all parties were on the fort property. In actuality, all properties whatsoever, as well as the body of Harrison, were seized before entry to the fort. At no time after the parties arrived upon the fort property was the true owner, Harrison, in dominion and control of the property alleged to have been taken. The record abundantly supports the conclusion that the robbery of some, if not all, of the items alleged to have been taken, was complete while the parties were in Richland County outside the fort.

The question immediately arises as to whether the defendant was prejudiced by the proceedings and by the proof which was brought to the attention of the jury. We think that he was not, as relates to the kidnapping charge and the armed robbery charge.

At the same time, we conclude that the likelihood of prejudice as relates to the sexual misconduct charge is sufficient to warrant a new trial on this count. There is evidence of two separate incidents of sexual misconduct, one on the fort property, and one off the fort property. We cannot ascertain from the record which of the incidents was charged in the indictment and accepted by the jury as a basis for conviction. Accordingly, a new trial should be held on this count, but the kidnapping conviction and the armed robbery conviction and the sentences are affirmed.

Other exceptions raised by the defendant have been considered and are disposed of under our Rule 23 because no error appears and no matter of precedent is involved.

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.