## 22922

The STATE, Respondent v. Clifton BELLAMY, Jr., Appellant.
(374 S. E. (2d) 180)

Supreme Court

*Chief Atty. William Isaac Diggs* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Oct. 3, 1988.

Decided Nov. 14, 1988.

GREGORY, Chief Justice:

Appellant was convicted of murder and sentenced to life imprisonment. We affirm.

Appellant was a police officer with the North Myrtle Beach police department at the time of the alleged murder. He had an extramarital relationship with the victim, Patricia Adams, during the six years before her death. Ms.

Adams was four months pregnant at the time of her death. She and appellant had several arguments about the pregnancy and support money, including a physical altercation a few days before the victim's death. Appellant had previously threatened to kill Ms. Adams.

The victim was found dead on the bedroom floor in her mobile home. She had been beaten violently with a hammer and also suffered several puncture wounds from a sharply pointed instrument. A large amount of blood identified as the victim's type was spattered about the room. An expert testified the time of death was between 4:00 to 6:00 p.m. on October 1, 1986.

A neighbor testified he saw appellant's truck parked in the victim's driveway from 3:30 until at least 4:50 p.m. on October 1st. A bloody fingerprint, identified as appellant's, was found on a curtain rod in the victim's bedroom.

The remaining evidence at trial consisted of testimony that appellant appeared dazed and nervous on the afternoon of the murder; that a towel and hammer with unidentified stains were found in appellant's truck; and that appellant purchased a pair of shoes and gloves on the afternoon of the murder. Appellant presented an alibi defense at trial that he was seen mowing his lawn at the time of the victim's death.

■ Appellant contends he was entitled to a directed verdict of acquittal. We disagree. Although the evidence is circumstantial, the bloody fingerprint and the presence of appellant's truck at the victim's home during the approximate time of death tend to establish his guilt. This evidence was sufficient to submit the case to the jury. *State v. Owens*, 291 S. C. 116, 352 S. E. (2d) 474 (1987).

Next, appellant contends the trial judge erroneously allowed expert testimony that the fingerprint on the curtain rod was made by a finger wet with blood rather than a dry finger placed into blood already present on the rod. He argues this testimony concerning the making of the print was beyond the witness's expertise.

■ Both counsel and the court thoroughly questioned the witness, Agent Davey, in camera before he was permitted to testify regarding the bloody print. Agent Davey, a 28-year veteran of the FBI fingerprint division, testified he had experience with wet prints and had seen

blood prints before. He had studied and compared wet prints on a dry surface and dry prints on a wet surface.

The qualification of an expert witness is within the trial judge's discretion. *State v. Caldwell*, 283 S. C. 350, 322 S. E. (2d) 662 (1984). We find the trial judge did not abuse his discretion in finding the witness qualified regarding the contested testimony.

Whether appellant's finger was bloody before it ■ touched the curtain rod or whether it touched a bloody spot on the rod, the evidence places appellant in contact with the victim's wet blood. There is no evidence the victim's blood was placed on the curtain rod at any time other than at her death. Error in the admission of nonprejudicial evidence if not reversible. *State v. Spodnick*, 292 S. C. 68, 354 S. E. (2d) 904 (1987).

Appellant's remaining exception is without merit and is disposed of pursuant to Supreme Court Rule 23. *See State v. Barwick*, 280 S. C. 45, 310 S. E. (2d) 428 (1983). Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.