23185

The STATE, Respondent v. Paul Harlan REEVES, Appellant.

(391 S.E. (2d) 241)

Supreme Court

*Robert T. Williams,* of *Williams & Brink,* Lexington, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Oct. 4, 1989.

Decided March 19, 1990.

HARWELL, Justice:

Appellant Paul Harlan Reeves was convicted of committing a lewd act on a minor and disseminating sexually oriented material to a minor. We affirm as to the conviction for dissemination of sexually oriented material, but reverse and remand as to the conviction for commission of a lewd act on a minor.

## FACTS

The thirteen year old victim in this case and the appellant lived in the same neighborhood. On the afternoon of July 9,

1988, the victim was visiting appellant. According to testimony from the victim and his teenage cousin, appellant showed them a pornographic video. Appellant also showed the victim sexual devices.

Later that night, appellant requested that the victim come to his home to assist him in repairing a problem with the water system. The victim testified that while he was sitting on appellant's sofa, appellant touched the victim's penis through his pants. Despite the victim's objection, the appellant attempted to touch him again.

Appellant admitted that he watched pornographic movies which he did not stop watching when others were in his home. He did not deny watching the film in the presence of the victim and his cousin. Appellant denied that he made a physical advance towards the victim later in the evening.

Appellant offered character witnesses who testified concerning his good behavior with children. At trial, the State sought to impeach appellant's character by cross-examining him about a 1969 arrest for rape, which was dismissed on the same day as the arrest. Appellant now challenges the solicitor's cross-examination regarding the 1969 arrest.

## DISCUSSION

The State argues that the arrest was admissible for impeachment purposes because appellant put his character in issue. The State further argues that even if introduction of the arrest was error, it was harmless. We disagree.

When a defendant offers evidence of his good character regarding specific character traits relevant to the crime charged, the solicitor has the right to cross-examine him as to particular bad acts or conduct. *State v. Allen*, 266 S.C. 468, 224 S.E. (2d) 881 (1976). Any cross-examination by the solicitor must be limited to showing bad character as to the traits initially focused on by the accused. 23 C.J.S. Criminal Law § 820 (1989). The evidence here does not rise to the level of a "bad act," but is merely evidence of an arrest, thus it is not admissible under the *Allen* rule. We now address the question of whether the error was harmless.

Whether an error is harmless depends on the particular circumstances of the case. No definite rule of law governs this finding; rather the materiality and

prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial. *State v. Key*, 256 S.C. 90, 180 S.E. (2d) 888 (1971); *State v. Mitchell*, 286 S.C. 572, 336 S.E. (2d) 150 (1985). The harmless error doctrine "should be employed guardedly, however, and on a case by case basis." *State v. Morris*, 289 S.C. 294, 297, 345 S.E. (2d) 477, 479 (1986). Error which substantially damages the defendant's credibility cannot be held harmless where such credibility is essential to his defense. *Id.* at 298, 345 S.E. (2d) at 479.

Appellant does not dispute that he possessed a pornographic video and sexual devices. He admitted that he did not discontinue playing the video when others, even minors, were in his home. Therefore, any error as to the charge of dissemination of sexually oriented material was harmless. It was not, however, harmless as to the second charge. The essential question of whether appellant committed a lewd act upon the prosecuting minor in this case was reduced to the conflicting testimony of two people: the prosecuting minor and appellant himself. Because appellant's credibility was an important consideration, he was entitled to a trial free from the inclusion of evidence of the previous rape arrest.

Further, while this evidence was offered for impeachment purposes and not to show that appellant was a sex offender, the jury could have drawn a conclusion that the defendant had a greater propensity to commit a crime of a sexual nature in this case. This compounded the prejudicial impact of this evidence. While the crime for which appellant stands convicted is reprehensible, this does not alter the fundamental requirement that an accused be convicted through properly admitted evidence. For these reasons, we affirm the conviction for dissemination of sexually oriented material, but reverse and remand as to the conviction for commission of a lewd act on a minor.

Affirmed in part; reversed and remanded in part.

CHANDLER and FINNEY, JJ., concur.

GREGORY, C.J., and TOAL, J., dissent in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent from the majority's reversal of appellant's conviction for committing a lewd act on a child.

The victim, a thirteen-year-old-boy, testified that while he was at appellant's home, appellant showed him a pornographic video and various sexual devices. The victim's thirteen-year-old cousin was also present during the viewing of the video and testified to the same events.

Later that same night, the victim returned to appellant's home at appellant's request. While sitting on the couch next to the victim, appellant fondled the boy's penis through his pants. When the victim rebuffed him, appellant again attempted to touch the boy's genital area. The victim then fled from appellant's home.

Appellant offered the testimony of two character witnesses regarding his good behavior with children. Appellant also testified on his own behalf. During cross-examination, the solicitor asked if appellant had been arrested in 1969 for rape. Appellant answered, "Yes, but it was dismissed the same day." Appellant admitted showing the pornographic video to the boys.

Appellant contends he was unfairly prejudiced by elicitation of his testimony on cross-examination regarding the rape charge. The State argues that since appellant placed his character in issue, the rape charge, though not subject to a conviction, was admissible impeachment evidence.

I reject the State's argument. When the accused offers evidence of his good character regarding specific character traits relevant to the crime charged, the solicitor has the right to cross-examine him as to particular bad acts or conduct. *State v. Allen*, 266 S.C. 468, 224 S.E. (2d) 881 (1976); *State v. Gibert*, 196 S.C. 306, 13 S.E. (2d) 451 (1941). The State is restricted, however, to showing bad character only for the traits initially focused on by the accused. 23 C.J.S. Criminal Law § 820 (1989); *see also* Rule 404(a)(1), Federal Rules of Evidence. Here, appellant offered evidence of good character in regard to his treatment of children, a particular trait relevant to the nature of the charges against him. The evidence admitted regarding an unspecified rape charge was not evidence tending to rebut appellant's good treatment of children.

I find the trial judge erred in allowing evidence of the rape charge for impeachment purposes. I conclude, however, that its admission did not deprive appellant of a fair trial.

Appellant admitted showing the pornographic video to the boys and clearly, as to this charge, any error in the admission of the rape charge evidence was harmless. *See State v. Bailey,* 298 S.C. 1, 377 S.E. (2d) 581 (1989) (when guilt is conclusively proven, conviction will not be set aside for insubstantial error). As to the lewd act denied by appellant, we find admission of the evidence regarding the rape charge nonprejudicial in view of the evidence also before the jury that the charge was dismissed the same day appellant was arrested. This information nullified any harmful impact that could have resulted from the evidence of appellant's arrest. The erroneous admission of impeaching evidence that has no meaningful impact on the defendant's credibility or character is not reversible error. Cf. *Duncan v. State,* 281 S.C. 435, 315 S.E. (2d) 809 (1984); see generally 5A C.J.S. Appeal & Error § 1722 (1958); see also *State v. Bellamy,* 296 S.C. 478, 374 S.E. (2d) 180 (1988) (conviction will not be reversed for nonprejudicial error in the admission of evidence).

I would dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23 and affirm both his convictions.