**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kylie Nilson, Appellant.

Appellate Case No. 2014-000632

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-537
Submitted October 1, 2015 – Filed November 25, 2015

**AFFIRMED**

M. Gregory McCollum and Jeffrey Todd Lucas, II, both of Greg McCollum, Complete Legal Defense Team, of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Kylie Nilson appeals the circuit court's order affirming her conviction and sentence for driving with an unlawful alcohol concentration, arguing the circuit court erred in affirming the magistrate's denial of the following motions made by Nilson: (1) a motion for a continuance, (2) a motion to dismiss because the State did not comply with the video recording requirement of section 56-5-2953(A) of the South Carolina Code (Supp. 2014), (3) a motion to dismiss because the State did not comply with the arresting officer's affidavit requirement of section 56-5-2953(B) of the South Carolina Code (Supp. 2014), and (4) a motion to exclude evidence that Nilson had taken Xanax prior to the incident.  We affirm.

1. We find the circuit court did not err in affirming the magistrate's denial of Nilson's motion for a continuance.  *See Morris v. State*, 371 S.C. 278, 283, 639 S.E.2d 53, 56 (2006) ("The trial court's refusal of a motion for continuance in a criminal case will not be disturbed absent a clear abuse of discretion resulting in prejudice to the appellant."); *State v. Wright*, 304 S.C. 529, 532, 405 S.E.2d 825, 827 (1991) (finding the trial court did not abuse its discretion by denying a motion for a continuance and proceeding to trial in the defendant's absence when the record showed the defendant was aware of the term of court and knew he would be tried in his absence if he failed to appear).

2. We find section 56-5-2953(A) was satisfied because the arresting officer produced a video meeting the requirements of the statute.  *See State v. Landis*, 362 S.C. 97, 104, 606 S.E.2d 503, 507 (Ct. App. 2004) (holding only the arresting officer was responsible for meeting the video recording requirements under section 56-5-2953(A)); § 56-5-2953(B) ("Failure by *the arresting officer* to produce the video recording required by this section is not alone a ground for dismissal . . . ." (emphasis added)).  Because the arresting officer produced a video that complied with the requirements of section 56-5-2953(A), we find the circuit court did not err in affirming the magistrate's denial of Nilson's motion to dismiss.

3. Because the arresting officer complied with section 56-5-2953(A), it was unnecessary for the arresting officer to submit a sworn affidavit concerning the video recording.  *See* § 56-5-2953(B) (providing that the arresting officer may submit an affidavit in cases when the arresting officer fails to produce the video required under section 56-5-2953(A)).

4. We find Nilson was not prejudiced by the admission of any evidence concerning her use of Xanax, and any error concerning the admission of this evidence was

harmless. *See State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Reeves*, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) ("Error is harmless when it could not reasonably have affected the result of the trial.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.