# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Russell Levon Johnson, Appellant.

Appellate Case No. 2017-002393

―――――――――

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

―――――――――

Opinion No. 5788
Heard October 13, 2020 – Filed January 13, 2021

―――――――――

## REVERSED AND REMANDED

―――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor Edgar Lewis Clements,
III, of Florence, for Respondent.

―――――――――

**KONDUROS, J.:** Russell Levon Johnson was charged with kidnapping and first-
degree domestic violence. A jury convicted Johnson of the domestic violence
charge but acquitted him of kidnapping. Johnson appeals his conviction, arguing
the circuit court erred in admitting evidence of conduct in other jurisdictions
without instructing the jury that the domestic violence charge had to be supported
by evidence within the jurisdiction. We reverse and remand.

**FACTS/PROCEDURAL BACKGROUND**

Tonya Richburg and Johnson had lived together in Longs, South Carolina, for approximately four years prior to the incident in this case. Richburg moved to Mullins, located in Marion County, in the summer of 2016 and lived there in a hotel for approximately a month before securing housing. Johnson went to Richburg's home on September 15, 2016, and persuaded her to ride to the store with him so they could talk about their relationship and his impression that she was "moving on." A mentor to one of Richburg's children was visiting, so Richburg told Johnson she could go with him but they could not be away too long. The mentor called Richburg's cell phone to see when the pair would return, and according to Richburg, Johnson took her cell phone, removed the battery, and stated nobody would be getting in touch with her.

Johnson continued driving and told Richburg they were going to Dillon[1] so he could buy some wine and they could talk. Richburg continued telling Johnson she needed to go home, but he kept driving, eventually stopping in a wooded area with which Richburg was unfamiliar. The pair talked and Johnson accused Richburg of having stolen money from him and having cheated on him. Johnson then drove to a store and purchased a beer, and he continued driving to Clio, South Carolina, located in Marlboro County, where he went to another wooded area. As all this was transpiring, Johnson was drinking and using cocaine. Once they stopped in the wooded area, Johnson went to the trunk of the car; retrieved a long, sharp, metal object; and stabbed Richburg in the chest. He pulled her out of the car and kicked and punched her all the while accusing her of cheating and stealing. Finally, he took a hammer and hit Richburg in the head and stated no one would ever find her or him. In an effort to calm him, Richburg told Johnson she would not do anything to hurt him again. At that point, he stopped his attack and helped Richburg back into the car.

The pair drove through Dillon at which time Johnson stopped to let Richburg use the bathroom outside a small church. They drove back to Mullins, and Johnson went into a store to purchase beer. Richburg stated she did not run away because she did not know where she was, she was scared, it was dark, and she just wanted to get home. Johnson stopped at another store and purchased a black t-shirt to hide the blood on Richburg's clothing, and the pair finally arrived at the Imperial Motel. Once there, Johnson told Richburg this would be her last night and he was going to

---

[1] Dillon is located in Dillon County, which is between Marion and Marlboro Counties.

kill himself after he killed her. Johnson retrieved rubber gloves and Windex from his vehicle and then tried to "pop her neck." According to Richburg, Johnson was continuing to snort a white substance and eventually fell asleep on the bed. At that time, she ran next door and asked for help. The people next door called the police. Richburg fled because she did not want Johnson to go to jail, but she was intercepted by a police officer as she was walking down the side of the road.

Johnson was indicted for kidnapping and first-degree domestic violence by a Marion County grand jury. Johnson made a motion in limine to exclude testimony and evidence related to conduct occurring outside Marion County. The circuit court determined the entirety of the events of that night were integral to proving the charge of kidnapping and would be admissible. Johnson did not withdraw his objection but added that if the evidence were admitted, he would request a charge limiting its applicability to the kidnapping charge and not the domestic violence charge. The court indicated it would consider how to best fashion a solution.

The trial proceeded with Richburg as the first witness. As her testimony moved toward the events that occurred outside Marion County, Johnson objected and the circuit court held a conference outside the presence of the jury. The circuit court indicated it would allow the testimony but would "give a clear charge that to prove domestic violence in this case it must come from evidence that happened in Marion County." At the conclusion of the State's case, the circuit court changed its position, "res[ci]nding its prior ruling." In reliance on section 17-21-20 of the South Carolina Code,[2] regarding venue in murder cases, the court determined "we have domestic violence and kidnapping in Marion and possibly Dillon and possibly Marlboro. So I think venue is proper here in Marion." Johnson noted he had read the statute at issue, did not believe it was applicable, and renewed his objection. The defense rested, the parties reviewed the charge and the verdict form, and closing arguments proceeded. The jury acquitted Johnson of kidnapping but convicted him of first-degree domestic violence. He was sentenced to ten years' imprisonment. This appeal followed.[3]

---

[2] Sections 17-21-10 and -20 of the South Carolina Code (2014) address proper venue in cases when a victim is wounded in the state but dies elsewhere or is wounded in one county and dies in another, respectively.

[3] Johnson's appeal initially alleged the circuit court abused its discretion by admitting evidence of unindicted domestic violence in counties other than Marion County *and* by failing to give a jury instruction that only evidence of domestic violence in Marion County could be considered to prove the domestic violence charge. At oral argument, Johnson conceded the evidence of domestic violence in

**LAW/ANALYSIS**

Johnson contends the circuit court erred in failing to give a jury charge instructing that only evidence of domestic violence occurring in Marion County could be used to prove the domestic violence charge. We agree.

As an initial matter, the State maintains this issue is not preserved because Johnson failed to object to the circuit court's jury charge when asked whether there were any exceptions thereto. As previously described, the circuit court had ruled it would allow testimony regarding the events in Marlboro and Dillon counties but would "give a clear charge that to prove domestic violence in this case it must come from evidence that happened in Marion County." However, the circuit court rescinded its prior ruling and deemed the admission of evidence in other counties appropriate for both charges based on section 17-21-10, thereby eliminating the need for a limiting instruction. Johnson objected to the decision, stating,

> Your Honor, I actually read these venue statutes before I made that motion this morning. And the way I read it is [sections] 17-21-10 and -20 . . . apply to cases where death actually occurs. I don't think either one of those statutes [ap]ply to this situation that we have here in this case and so I would just renew my objection.

After this discussion, Johnson was advised of his constitutional rights relating to his decision not to testify and the defense rested.[4] The parties quickly reviewed the circuit court's proposed charge without objection and then gave closing arguments. The judge charged the jury and neither party took exception to the charge after it was given.

When "a party requests a jury charge and, after opportunity for discussion, the trial judge declines the charge, it is unnecessary, to preserve the point on appeal, to renew the request at conclusion of the court's instructions." *State v. Johnson*, 333

---

Dillon and Marlboro was admissible as it was relevant to the kidnapping charge in the case. Consequently, we only address the circuit court's ruling as to the jury instruction.

[4] The colloquy between Johnson and the circuit court is not contained in the record but appears to have constituted approximately two pages of the trial transcript.

S.C. 62, 64 n.1, 508 S.E.2d 29, 30 n.1 (1998); *see also Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 494-95, 514 S.E.2d 570, 573-74 (1999) (holding a plaintiff's on the record explanation of his objection to a jury charge along with the court's ruling on that issue was sufficient to preserve the objection). In this case, the issue regarding the limiting instruction was clearly before the circuit court and was finally ruled upon on the record. Furthermore, nothing had occurred between the circuit court's final ruling and the charge that could have affected the court's decision. Therefore, we find the State's preservation argument unavailing.[5]

Turning to the merits, the case of *State v. Ziegler*, 274 S.C. 6, 260 S.E.2d 182 (1979), *overruled on other grounds by State v. Parker*, 351 S.C. 567, 571 S.E.2d 288 (2002), is controlling. In *Ziegler*, the victim was kidnapped in Richland County and then transported to Fort Jackson, a federal installation. *Id*. at 9, 260 S.E.2d at 184. According to the evidence, the defendant stole personal property from the victim in Richland County or possibly at Fort Jackson. *Id*. In any event, the robbery continued onto the base because the victim's items were never again under his dominion or control. *Id*. However, the events providing the basis for the third charge, sexual assault, were viewed by the court as two separate and distinct acts—one having occurred in Richland County and the other on the base. *Id*. at 12, 260 S.E.2d at 185. As to the sexual assault charge, the court stated:

> [W]e conclude that the likelihood of prejudice as relates to the sexual misconduct charge is sufficient to warrant a new trial on this count. There is evidence of two separate incidents of sexual misconduct, one on the fort property, and one off the fort property. We cannot ascertain from the record which of the incidents was charged in the

---

[5] The State also maintains Johnson is arguing on appeal for the first time that the circuit court "confused" his argument as relating to venue. The State's preservation argument in this instance is simply without merit. The circuit court knew and understood the nature of Johnson's objection from the beginning of trial. Once the circuit court injected the venue statute into the discussion, Johnson renewed his objection and stated he believed the relied-upon statutes were inapplicable to the case. The matter on appeal was clearly before the circuit court and is preserved. *See State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("In order to preserve for review an alleged error in admitting evidence an objection should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the trial judge.").

> indictment and accepted by the jury as a basis for
> conviction. Accordingly, a new trial should be held on
> this count, but the kidnapping conviction and the armed
> robbery conviction and the sentences are affirmed.

*Id*.

In this case, the circuit court originally ruled it would follow the rationale set forth in *Ziegler* but would eliminate the prejudice discussed in the previous passage by giving a limiting instruction. The circuit court then turned to the venue statutes regarding kidnapping and murder cases; however, these sections are inapplicable. First, Richburg did not die from her injuries. Second, Johnson never contested venue in Marion County—he contested the admissibility of acts of domestic violence outside Marion County.

In an effort to analogize sections 17-21-10 and -20 to the present case, the circuit court relied upon two cases, *State v. Allen*, 266 S.C. 468, 224 S.E.2d 881 (1976), *overruled on other grounds by State v. Evans*, 307 S.C. 477, 415 S.E.2d 816 (1992), and *State v. Gethers*, 269 S.C. 105, 236 S.E.2d 419 (1977). In *Allen*, the victim was kidnapped and murdered, and evidence in the record established she could have been murdered in either Florence County or neighboring Darlington County. 266 S.C. at 480, 224 S.E.2d at 885. The court concluded venue in Florence County was proper. *Id*. In *Gethers*, the victim was kidnapped from Charleston County, taken to Berkeley County and raped, and returned to Charleston County. 269 S.C. at 106, 236 S.E.2d at 419. The defendant was tried in Berkeley County for kidnapping and rape, and the court determined venue was proper. *Id*. at 107, 236 S.E.2d at 419. Neither case is analogous to Johnson's. In the present case, no evidence was presented to suggest Johnson's attack in the woods happened anywhere other than Marlboro County. Furthermore, in *Gethers*, the single instance of rape was prosecuted in the county where it occurred.

This case aligns with *Ziegler* wherein certain criminal acts were continuing but the assaults were separate and distinct. Johnson attacked Richburg in the woods in Marlboro County, stabbing her and hitting her with a hammer. Sometime later, he attempted to "pop" her neck in Marion County—two separate acts much like the sexual assaults in *Ziegler*. In sum, the circuit court erred in not giving a limiting instruction to mitigate the prejudice to Johnson and ensure the jury found Johnson's conduct in Marion County established his guilt on the domestic violence charge.

Nevertheless, because the charge was not given, we proceed to a harmless error analysis. *See State v. Battle*, 408 S.C. 109, 121-22, 757 S.E.2d 737, 743-44 (Ct. App. 2014) (conducting a harmless error analysis when the circuit court erred in failing to give the requested involuntary manslaughter charge). "A harmless error analysis is contextual and specific to the circumstances of the case." *State v. Byers*, 392 S.C. 438, 447, 447-48, 710 S.E.2d 55, 60 (2011). "Error is harmless when it could not reasonably have affected the result of the trial." *Id.* at 448, 710 S.E.2d at 60 (quoting *State v. Reeves*, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990)).

The State suggests the solicitor's own comments about the domestic violence in other counties render the circuit court's denial of a limiting charge harmless.

In closing argument, the solicitor stated:

> [W]hat I noticed is that when people go through stressful situations, they respond by not being a hundred percent. And what I bring to th[o]se two events that happened in other counties up before the stabbing and beating with the hammer, they are important not because they're domestic violence I'm here to prosecute. I'm here to prosecute what happened in that hotel room, but they're here to show you why she became compliant.

The solicitor went on to describe the acts constituting domestic violence in this case.

> In her own words, and [Richburg] told you he put his arms around her neck like this and he tried to pop it. Well, you can see not only is he larger, but he's physically stronger I believe when the optics tell us all and he tried to pop my neck. So how do we know that he intended to cause bodily injury at that time? Well, what else do the photograph[s tell] us[?] She told us that he walked in with some gloves and a bottle of Windex. Now, I seriously doubt that he brought those gloves in because he was going to work on her wounds.

While these comments demonstrate the solicitor's own understanding about the limitations on the evidence in this case, these comments are insufficient to render the lack of a clear and unequivocal limiting instruction from the circuit court

harmless error.  The jury heard testimony about Johnson stabbing Richburg and hitting her in the head with a hammer.  They saw photographs of Richburg after the attack, bloody and battered, and they saw photographs of the bloody hotel room.  The evidence in the case that clearly established domestic violence relates to the abuse in Marlboro County.  The evidence of domestic violence in Marion County is significantly weaker, and we cannot be certain the jury did not consider the precluded evidence in reaching its decision.  Therefore, the ruling of the circuit court denying the limiting instruction constitutes reversible error and Johnson's conviction for first-degree domestic violence is

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and MCDONALD, J., concur.**