**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ricky Anthony Short, Appellant.

Appellate Case No. 2018-000782

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Opinion No. 2021-UP-057
Submitted December 1, 2020 – Filed February 24, 2021
Withdrawn, Substituted and Refiled March 31, 2021

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, and Senior Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Ricky Short appeals from his convictions for two counts of murder and possession of a weapon during the commission of a violent crime. He argues the trial court erred in (1) allowing two detectives to testify they did not believe Short's explanation and another detective to testify the detective cleared a suspect during his investigation, and (2) denying Short's motion to suppress statements he made to police. We affirm.[1]

1.      Short argues the trial court erred in allowing two detectives to testify they did not believe his explanation and another detective to testify he cleared a suspect during his investigation. We find that even if the officers' opinion testimony was admitted in error, it was harmless error based on the overwhelming evidence of Short's guilt, particularly his statements to police, which we find were properly admitted as outlined below. *See Pagan*, 369 S.C. at 212, 631 S.E.2d at 267 ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *id.* ("Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained."); *id.* ("[A]n insubstantial error not affecting the result of the trial is harmless where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'" (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989))); *State v. Byers*, 392 S.C. 438, 447-48, 710 S.E.2d 55, 60 (2011) ("A harmless error analysis is contextual and specific to the circumstances of the case: 'No definite rule of law governs [a finding of harmless error]; rather the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial.'" (quoting *State v. Reeves*, 301 S.C. 191, 193-94, 391 S.E.2d 241, 243 (1990))).

2.      Short argues the trial court erred in denying his motion to suppress statements he made to police. He asserts his interrogation violated *Missouri v. Seibert*, 542 U.S. 600 (2004), and *State v. Navy*, 386 S.C. 294, 688 S.E.2d 838 (2010), because officers interrogated him for approximately three hours prior to giving him his *Miranda*[2] warnings; thus, they used the "question-first" tactic prohibited by *Seibert*. We disagree because we find this case is distinguishable from *Seibert* and *Navy*. In this case, although Short had been in custody for approximately three hours prior to being read his *Miranda* rights, he did not make the statements he sought to exclude until after being read and waiving his rights.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR. We affirm pursuant to Rule 220(b)(1), SCACR.
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Furthermore, we do not believe the questioning prior to the *Miranda* warning was intended to elicit an incriminating response from Short. *See Seibert*, 542 U.S. at 616-17 (holding *Miranda* warnings given mid-interrogation, after the defendant had given an unwarned confession, were ineffective, and thus, the confession repeated after the warnings were given was inadmissible at trial); *Navy*, 386 S.C. at 303-04, 688 S.E.2d at 842 (finding Navy made the admission of guilt prior to being given his rights, and the officers then used the pre-*Miranda* admission to obtain a post-*Miranda* admission); *Seibert*, 542 U.S. at 613-14 ("[W]hen *Miranda* warnings are inserted in the midst of coordinated and continuing interrogation, they are likely to mislead and 'depriv[e][] a defendant of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them.'" (quoting *Moran v. Burbine*, 475 U.S. 412, 424 (1986))); *id.* at 617 ("[T]he question-first tactic effectively threatens to thwart *Miranda*'s purpose of reducing the risk that a coerced confession would be admitted . . ."); *State v. White*, 410 S.C. 56, 57, 762 S.E.2d 726, 727 (Ct. App. 2014) ("In both *Seibert* and *Navy*, the courts emphasized that *Miranda*'s warnings requirement cannot be skirted by interrogative tactics that undermine the very purpose of *Miranda*, i.e., unless and until such warnings and waiver are given, no evidence obtained as a result of interrogation can be used against a defendant at trial.").

**AFFIRMED.**

**THOMAS, HILL, and HEWITT, JJ., concur.**