**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shaquille Kayson Blakeley, Appellant.

Appellate Case No. 2022-001313

———————

Appeal From Horry County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-382
Submitted November 1, 2023 – Filed December 6, 2023

———————

**AFFIRMED**

———————

Appellate Defender Breen Richard Stevens, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia, for Respondent.

———————

**PER CURIAM:** Shaquille Kayson Blakeley appeals his convictions for armed robbery, kidnapping, and possession of a weapon during a violent crime and consecutive sentences of thirty, ten, and five years' imprisonment, respectively. On

appeal, Blakeley argues the trial court erred by admitting evidence of the victim's call log without proper foundation. We affirm pursuant to Rule 220(b), SCACR.

We hold Blakely's argument that the call log did not meet the business records exception to the rule against hearsay was not preserved for appellate review: Blakeley objected to the admission of the call log at trial on the ground that the person who "extracted" the call log should be required to lay a proper foundation. On appeal, Blakeley argues the call log did not meet the business records exception to the hearsay rule. *See Doe v. Doe,* 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

Moreover, we hold any error in admitting the call log to be harmless because the introduction of the call log had no bearing on the jury's verdict due to the overwhelming evidence of guilt. *See State v. Reeves*, 301 S.C. 191, 193-94, 391 S.E.2d 241, 243 (1990) ("Whether an error is harmless depends on the particular circumstances of the case. . . . [T]he materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial."). The State presented evidence from an eyewitness to the kidnapping in addition to surveillance footage that corroborated the victim's testimony. Furthermore, law enforcement officers discovered Blakeley with many of the victim's possessions on his person hiding under a bed in the same hotel room where the victim was located. *See State v. Kirton*, 381 S.C. 7, 37, 671 S.E.2d 107, 122 (Ct. App. 2008) ("The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.