**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maurice Jerome Prioleau, Appellant.

Appellate Case No. 2022-000449

———————

Appeal From Charleston County
R. Kirk Griffin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-343
Submitted September 1, 2025 – Filed October 8, 2025

———————

**AFFIRMED**

———————

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Maurice Jerome Prioleau appeals his convictions for kidnapping and two counts of first-degree criminal sexual conduct and aggregate sentence of sixty years' imprisonment. On appeal, Prioleau argues the trial court erred by

granting the State's motion to prohibit him from mentioning during his opening statement and eliciting through cross-examination the fact he provided a statement to police. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court abused its discretion by granting the State's motion to prohibit Prioleau from referencing the fact that he gave police a statement on the basis it was hearsay. We find this was error because the act of giving a statement is not hearsay. However, we hold this error is harmless because Prioleau testified at trial that he gave a statement to police and nonetheless, the jury convicted him as indicted. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id*. ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 801(c), SCRE ("'Hearsay' is a *statement*, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (emphasis added)); *Pagan*, 369 S.C. at 212, 631 S.E.2d at 267 ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *State v. Reeves*, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) ("Error is harmless when it could not reasonably have affected the result of the trial.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.